

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| JEROME GARCIA,<br>        Plaintiff,<br><br>vs.<br><br>RICHLAND CO. TREASURY and<br>TREASURER KENDRA L. DOVE,<br>        Defendants. | §<br>§<br>§<br>§     Civil Action No.: 3:23-4758-MGL<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE**

Plaintiff Jerome Garcia (Garcia), proceeding pro se, filed a complaint against Defendants Richland Co. Treasury and Treasurer Kendra L. Dove (collectively, Defendants), alleging claims under 42 U.S.C. §§ 1983 and 1985.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court summarily dismiss this case without prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 22, 2023. The Clerk's Office docketed Garcia's objections on October 5, 2023. Because it determines that the objections lack merit, it will overrule them and enter judgment accordingly.

Garcia alleges Defendants threatened to sell his home for failure to pay his state property taxes. To avoid losing his home, Garcia paid the taxes, which he posits are unlawful.

First, Garcia objects to Magistrate Judge Hodges's involvement in this case.

Under 28 U.S.C. § 636 and Local Rule 73.02, the Court may refer cases to the Magistrate Judge for a Report and Recommendation. These rules fail to require consent from the parties. In fact, under Local Rule 73.02(B)(2)(e), referral in pro se cases is automatic.

Moreover, his assertions that Magistrate Judge Hodge's orders and reports in this case have been "personal, and malicious," Objections at 4, appear baseless.

The Court will therefore overrule this objection.

Second, Garcia contends the Magistrate Judge improperly characterized this case as a tax case. The Magistrate Judge, however, properly acknowledged that Garcia describes his claim as a takings cause of action. The Court will therefore overrule this objection, as well.

Third, Garcia posits the Magistrate Judge erred in analyzing his claim under the Tax Injunction Act, 28 U.S.C. § 1341, because that law applies only to "lawful" taxes. Objections at 4.

Garcia misunderstands the purpose of the Tax Injunction Act. The statute prevents courts from assessing the validity of state taxes in circumstances where state courts are better suited to make the determination. *See United States v. City of N.Y.*, 175 F.2d 75, 77 (2d Cir. 1949) ("The question of the validity of a state or municipal tax is one which the state courts are peculiarly fitted to answer and which, therefore, a federal court should not consider." (footnote omitted)).

The Court will thus overrule this objection, too.

Fourth, he also avers the state court has refused to hear his claim. Looking at the record of the state court case he cites, however, this appears untrue. The Richland County Court of Common Pleas dismissed his claim under South Carolina Rule of Civil Procedure 12, rejecting Garcia's argument that the state is unable to tax residential property owners. *See Garcia v. S.C. Dep't of Treasurer, et al.*, 2022CP4006316 (Richland Cnty. Common Pleas June 27, 2023).

That Garcia disagrees with the trial court's holding fails to indicate it neglected to hear him. Indeed, the trial court gave Garcia the opportunity to respond to the motion to dismiss. *Id.* (Jan. 18, 2023).

Nor does the fact that the Supreme Court declined to issue a writ of mandamus indicate he was unheard at the state level. For the reasons explained above and by the Magistrate Judge, the Court must refrain from imposing on the state court's decision. The Court will therefore overrule this objection, too.

Fifth, Garcia maintains Defendants issued an unlawful bill of attainder.

The Constitution provides "[n]o bill of attainder or ex post facto Law shall be passed." U.S. Const. Art. 1 § 9, cl. 3; *see also* U.S. Const Art. 1 § 10, cl. 1 ("No state shall . . . pass any bill of attainder[.]"). A bill of attainder is "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 468 (1977).

Garcia has failed to explain how this prohibition is applicable in this case. Thus, the Court will also overrule this objection.

Because the remainder of Garcia's objections are nonspecific, nondispositive, or both, the Court need not discuss them here. Nevertheless, out of an abundance of caution, the Court has

reviewed the Report and the record de novo and found no error. It will thus overrule each of Garcia's remaining objections, as well.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules the objections, adopts the Report to the extent it does not contradict this order and incorporates it herein. Therefore, it is the judgment of the Court this action is summarily **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Signed this 27th day of October 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE

*****
### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.